UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-10716-RGS

JAMES DAVID LOGAN

v.

SECURITIES AND EXCHANGE COMMISSION

MEMORANDUM AND ORDER

April 16, 2019

On April 15, 2019, the Court received a tw0-page, handwritten complaint from James David Logan ("Logan"), a prisoner in custody at a California State Prison in Lancaster, California. With the complaint, Logan filed a copy of the 2003 final judgment that was entered in Sec. and Exch. Comm'n v. Logan, C.A. No. 03-10480-NG (closed). In that action, Logan was ordered to pay civil penalties totaling $379,750.00 for violations of federal securities laws.

As best can be gleaned from the complaint, Logan alleges that he had paid $400,000 and is now entitled to $22,000. He seeks to have the defendant expedite the issuance of a cashier's check made payable to his trust account at the Lancaster State Prison.

Because Logan is a prisoner, his complaint is subject to preliminary screening. Under 28 U.S.C. § 1915(A), the Court is required to conduct a prompt threshold review of prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity, and to summarily dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. In conducting this review, the Court liberally construes the plaintiff's pleadings because he is proceeding *pro se. See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

A search of Logan's litigation history on the federal Judiciary's Public Access to Court Electronic Records ("PACER") service reveals that Logan is a "three-strikes" litigant pursuant to 28 U.S.C. § 1915(g). *See Logan v. Tomer*, No. 17-cv-00887 (E.D. Ca. Sept. 6, 2017) (denying leave to proceed *in forma pauperis* because Logan has had at least eight cases dismissed that constitute "strikes"). If a plaintiff has three strikes, Section 1915(g) prevents that plaintiff from filing a subsequent *in forma pauperis* action unless the plaintiff is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Even with a liberal construction, the instant action cannot survive preliminary review because Logan has not alleged facts which even remotely suggest that he has a viable legal claim.

Although the Court often affords *pro se* plaintiffs an opportunity to amend a complaint in recognition that "basic fairness, as well as 'sound prudential reasons,' counsel against most uses of the power to dismiss cases *sua sponte*," *Gonzalez–Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001), this is one of those cases in which it "is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile." *Id.* at 36–37. To the extent Logan can pay the $400 filing fee, he may initiate a new civil action.

### ORDER

For the foregoing reasons, this action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(A). The clerk shall enter a separate order of dismissal.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE